# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| TEVIN WILLIAMS, | ) |
| Movant, | ) Civil Action No. 2:25-00204 |
| | ) Civil Action No. 2:25-00487 |
| v. | ) (Criminal Action No. 2:20-00048 |
| | ) (Criminal Action No. 2:21-00038 |
| UNITED STATES OF AMERCIA | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 2:25-00204, Document No. 54) and Amended Section 2255 Motion (Civil Action No. 2:25-00204, Document No. 60 and Civil Action No. 2:25-00487, Document No. 17). By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Civil Action No. 2:25-00204, Document No. 56.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A**     **Criminal Action No. 2:21-00038:**

On April 6, 2021, Movant pled guilty to one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) as charged in a single-count Information. (Criminal Action No. 2:21-00038, Document Nos. 4 - 7.) A Presentence Investigation Report was prepared. (<u>Id.</u>, Document No. 11.) The District Court determined that Movant had a Base Offense Level of 20, and a Total Offense Level of 23, the

Court having applied the following: (1) A two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because Movant's offense involved at least three firearms; (2) A four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Movant used or possessed a firearm in connection with another felony offense; and (3) A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document Nos. 11 and 15.) On July 19, 2021, the District Court sentenced Movant to the sixty (60) months mandatory minimum to run consecutively with the sixty (60) months imposed in Criminal Action No. 2:20-00048. (Id., Document Nos. 11 and 15.) The District Court further imposed a five-year term of supervised release and a $200 special assessment. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

**B.      Criminal Action No. 2:20-00048:**

On April 6, 2021, Movant pled guilty to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in the single-count Indictment. (Criminal Action No. 2:20-00048, Document Nos. 42 - 44.) A Presentence Investigation Report was prepared. (Id., Document No. 48.) The District Court determined that Movant had a Base Offense Level of 20, and a Total Offense Level of 23, the Court having applied the following: (1) A two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A) because Movant's offense involved at least three firearms; (2) A four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Movant used or possessed a firearm in connection with another felony offense; and (3) A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document Nos. 48 and 52.) On July 19, 2021, the District Court sentenced Movant to a term of 60 months of imprisonment "to run consecutively with the sixty (60) months mandatory minimum sentence imposed in Criminal

Case No. 2:21-00038 on the single-count information." (Id., Document Nos. 49 and 50.) The District Court further imposed a three-year term of supervised release and a $200 special assessment. (Id.) Movant did not file an appeal with the Fourth Circuit Court of Appeals.

On February 14, 2025, Movant filed a "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)." (Id., Document No. 54.) As grounds for relief, Movant challenged the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 588 U.S. 225, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019) and New York State Rifle and Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022). (Id.) Movant explains that in Rehaif, the United States Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id., Document No. 54, p. 5.) Thus, Movant claims that his Section 922(g) "conviction is invalid because it was based on a defective indictment that failed to allege his knowledge of the relevant prohibited state as required under Rehaif." (Id., Document No. 54, p. 5.) Citing Bruen, Movant argues that Section 922(g) "is unconstitutional on its face and as applied under the Second Amendment." (Id., Document No. 54-1, p. 1.) Movant, therefore, requests that his sentence be reduced. (Id.)

By Order entered on March 4, 2025, United States District Judge John T. Copenhaver, Jr. denied Movant's Motion to the extent Movant was seeking compassionate release. (Id., Document No. 55.) To the extent Movant was seeking relief based upon Rehaif and Bruen, Judge Copenhaver referred the Motion to the undersigned for a determination as to whether Movant intended to seek relief under 28 U.S.C. § 2255. (Id.) Having examined Movant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), the Court determined Movant's Motion

should be construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order and Notice entered on March 26, 2025, the undersigned notified Movant of its intention to re-characterize his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Document No. 54) as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) and United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Id., Document No. 57.) The Court further ordered as follows:

> [I]t is hereby **ORDERED** that Movant should inform the Court in writing by **April 28, 2025**, if he does not wish to have his Motion re-characterized as a motion under Section 2255. Should Movant not file a response to this Order and Notice, the Court will consider the Motion as a Motion filed under Section 2255. If Movant agrees that his Motion shall be considered under Section 2255, Movant may further amend his Section 2255 Motion to the extent permitted by law.

(Id.) Therefore, a Section 2255 action (Civil Action No. 2:25-00204) was opened concerning Movant's conviction in Criminal Action No. 2:20-00048.

**B.    Section 2255 Motion:**

On April 7, 2025, Movant filed an Amended Section 2255 Motion and Memorandum in Support concerning his convictions in Criminal Action Nos. 2:20-00048 and 2:21-00038. (Civil Action No. 2:25-00204, Document Nos. 60 and 61 and Civil Action No. 2:25-00487, Document Nos. 17 and 18.) As grounds for relief, Movant asserts the following: (1) Actual innocence;[1] (2) Ineffective assistance of counsel; (3) "Misconduct/vindictiveness;"[2] and (4) "Rehaif and Bruen rulings."[3] (Civil Action No. 2:25-00204, Document No. 60 and Civil Action No. 2:25-00487,

---

[1] Movant's claims of actual innocence and ineffective assistance of counsel concern his conviction in Criminal Action No. 2:21-00038.

[2] Movant's claim of "misconduct/vindictiveness" concerns his convictions in Criminal Action Nos. 2:21-00038 and 2:20-00048.

[3] Movant's claims based upon *Rehaif* and *Bruen* concern his conviction in Criminal Action No. 2:20-00048.

Document No. 17.) Regarding his Rehaif and Bruen claims, Movant states that he "reasserts" the arguments as set forth in his previous Motion concerning his Section 922(g) conviction (Criminal Action No. 2:20-00048). (Civil Action No. 2:25-00204, Document No. 61, p. 2 and Civil Action No. 2:25-00487, Document No. 18, p. 2.) Concerning his actual innocence claim, Movant argues that he is innocent of his Section 924(c) conviction because there was no qualifying predicate offense (Criminal Action No. 2:21-00038). (Id.) Specifically, Movant asserts that the "simple locating of an illegal firearm in petitioner's possession does not provide the actual elements of 924(c)(3)'s 'attempted use of physical force.'" (Id.) Movant contends that he is 'actually innocent' because the Government failed to prove Movant "used or attempted to use the firearm in the commission of a violent offense." (Id.) Movant concludes that the foregoing further "exhibits the cause and prejudice of Strickland with regard to [ineffective assistance of] counsel." (Id.) Concerning his claim of "misconduct/vindictiveness," Movant contends that "federal prosecutors overstepped their boundaries for a simple firearm possession that was punishable by the State's set of laws, codes, judicial system." (Id., p. 3.) Movant argues that federal prosecutors encroached into the State's sovereignty because there was "no discussions of interstate commerce, large scale drug operations, or RICO indictment." (Id.) Movant concludes that "[a] standalone possession of a weapon does not amount to a normal case for Federal authorities to indict and the second possession was turned into a § 924(c) improperly with vindictiveness to prosecute for elements that weren't charged." (Id.) As relief, Movant requests that his sentences in Criminal Action Nos. 2:20-00048 and 2:21-00038 be vacated. (Id., p. 4.)

## **ANALYSIS**

1. **<u>Timeliness</u>:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

  A. **Section 2255(f)(1):**

The Court will first consider the timeliness of Movant's Motions under Section 2255(f)(1). Movant's Judgment Orders were entered on July 28, 2021 in both Criminal Action No. 2:20-00048 and Criminal Action No. 2:21-00038, and his sentences became final 14 days later when he did not file a Notice of Appeal (August 11, 2021). On February 14, 2025, approximately two years and six months after the one-year period expired, Movant filed his Motion challenging his Section 922(g) conviction in Criminal Action No. 20-00048. (Criminal Action No. 2:20-00048, Document No. 54 and Civil Action No. 2:25-00204, Document No. 54.) On April 7, 2025, approximately two years and eight months after the one-year period expired,

Movant filed his Amended Section 2255 Motion and Memorandum in Support in Civil Action No. 2:25-cv-00204 also challenging his Section 924(c) conviction in Criminal Action No. 2:21-00038.[4] (Civil Action No. 2:25-00204, Document Nos. 60 and 61; Criminal Action No. 2:21-00038, Document Nos. 17 and 18; Civil Action No. 2:25-00487, Document Nos. 17 and 18.) Movant's Motions are clearly untimely under Section 2255(f)(1) concerning his convictions in Criminal Action No. 2:20-00048 and Criminal Action No. 2:21-00038.

### B.     Section 2255(f)(3):

Second, the Court will consider the timeliness of Movant's Motions under Section 2255(f)(3).[5] When a movant wishes to make a claim based on a decision by the United States Supreme Court after his conviction becomes final, the movant must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 308, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). Under Section 2255(f)(3), the Fourth Circuit has ruled that a movant's Section 2255 Motion is timely if "(1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from the date on which the right asserted was initially recognized by the Supreme Court, . . . and (3) the Supreme Court or this court [of appeals] has made the right retroactively applicable." United States v. Brown, 868 F.3d 297, 301 (4th Cir. 2017). For the purpose of Section 2255(f)(3), courts are not authorized "to read between the lines of a prior opinion to discern whether that opinion, by implication, made a new rule retroactively applicable on collateral review." United States v. Mathur, 685 F.3d 396, 401 (4th Cir. 2012). "The only way

---

[4] The Clerk's Office is **DIRECTED** to file nunc pro tunc to April 7, 2025, a copy of Plaintiff's Amended Section 2255 Motion and Memorandum in Support in Criminal Action No. 2:21-00038, and open a corresponding Section 2255 action as to the same nunc pro tunc date.

[5] Movant presents no arguments supporting a claim that his Motion is timely pursuant to Section 2255(f)(2).

to make a new rule retroactive 'is through a holding'" by the United States Supreme Court or the Fourth Circuit. Mathur, 685 F.3d at 401(citation omitted); also see Brown, 868 F.3d at 301("Although this court can render a right retroactively applicable, only the Supreme Court can recognize a new right under § 2255(f)(3).")

Liberally construing Movant's Section 2255 Motion, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief based on a new rule of constitutional law, previously unavailable, made retroactive. Specifically, Movant relies upon the United States Supreme Court's decision in Rehaif and Bruen. The undersigned will consider his case in turn.

>        (i)    **_Rehaif v. United States_, 588 U.S. 225, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019):**

As grounds for *habeas* relief, Movant first challenges the validity of his Section 922(g) conviction in Criminal Action No. 2:20-00048 based upon Rehaif. The Supreme Court decided Rehaif on June 21, 2019, well prior to Movant's indictment (March 3, 2020) and conviction becoming final (August 11, 2021) in Criminal Action No. 2:20-00048. To the extent Movant relies upon Rehaif, Section 2255(f)(3) is inapplicable because Movant does not rely "on a right recognized by the Supreme Court *after* his judgment became final."[6]

>        (ii)   **_New York State Rifle and Pistol Association, Inc. v. Bruen_, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022):**

As grounds for *habeas* relief, Movant next challenges the validity of his Section 922(g) conviction in Criminal Action No. 2:20-00048 based upon Bruen. The Supreme Court decided

---

[6] Briefly considering the merits, the undersigned's that Movant's challenge to his conviction based upon *Rehaif* is without merit. In *Rehaif*, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The single-count Indictment clearly charged that Movant possessed two firearms, and at the time Movant possessed the firearms, Movant "knew he had been convicted of a crime which was punishable by imprisonment for a term exceeding one year. (Criminal Action No. 2:20-00048, Document No. 3.) Movant pled guilty to the single-count Indictment and stipulated to the fact that he knew he was a convicted felon at the time he possessed the firearms. (*Id.*, Document No. 44.)

Bruen on June 23, 2022, less than a year after Movant's conviction became final (August 11, 2021) in Criminal Action No. 2:20-00048. The undersigned, however, finds that Movant did not file his above Section 2255 Motion within one year of Bruen. Movant filed his Section 2255 Motion approximately two years and 8 months (February 14, 2025) after Bruen was decided (June 23, 2022). Furthermore, neither the United States Supreme Court nor the Fourth Circuit has held that Bruen applies retroactively to cases on collateral review. See In re Bruce Murray, 2023 U.S. App. LEXIS 10241, * 3 (11th Cir. April 26, 2023)(citations omitted)("Murray's reliance on *Bruen* as a new rule of constitutional law under § 2255(h)(2) is misplaced, as he 'has not made a prima facie showing that [*Bruen*] has been made retroactively applicable by the Supreme Court to cases on collateral review."); Blount v. United States, 2024 WL 3643758, * 2 (W.D.N.C. Aug. 1, 2024)("The Supreme Court in *Bruen*, however, did not hold that § 922(g)(1) is unconstitutional nor has such right been made retroactively applicable."); United States v. Faulkner, 2023 WL 8655267, * 4 (W.D.Va. Dec. 14, 2023)(finding that "*Bruen* did not trigger a new one-year period in which [petitioner] could bring suit under § 2255(f)(3), and his petition is time-barred"); Jones v. United States, 2023 WL 8602805, * 3 (D.Md. Dec. 12, 2023)("The Supreme Court . . . has not held that § 922(g)(1) is unconstitutional, much less held that such a ruling is retroactively applicable to cases on collateral review."); Williams v. United States, 2023 WL 11932423, * 4 (N.D.W.Va. June 15, 2023)("Because *Bruen* did not announce a new constitutional right made retroactively applicable to Petitioner's case on collateral review, Petitioner cannot use the date of that decision as the beginning of a new limitations period under § 2255(f)(3)."); Salley v. United States, 2023 WL 3568618, at * 1 – 3 (M.D.Fla. May 18, 2023)(dismissing Section 2255 motion as time-barred where petitioner relied on *Bruen* in an

attempt to trigger Section 2255(f)(3)); Barragan-Gutierrez v. United States, 668 F.Supp.3d 1231 (D.Wy. April 7, 2023)("There is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality" and "*Bruen* does not trigger a new one-year limitations period under [Section] 2255(f)(3)".); Battles v. United States, 2023 WL 346002, at * 1 (E.D.Mo. Jan. 20, 2023)(holding that Section 2255 motion was time-barred because *Bruen* "did not announce a new rule retroactively available on collateral review"). Movant, therefore, cannot establish that his Section 2255 Motion is timely under Section 2255(f)(3). Accordingly, the undersigned respectfully recommends that the District Court find that Movant's Section 2255 Motion is untimely.[7]

### C. Section 2255(f)(4):

Finally, the undersigned will consider 2255(f)(4). To the extent Movant argues that Section 2255(f)(4) applies because Rehaif and Bruen constitutes a new "fact" supporting the claim, the undersigned disagrees. The Fourth Circuit has addressed this issue. In Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014), the Fourth Circuit issued its *en banc* decision wherein it determined that the Court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) decision did not qualify as a new fact for purposes of Section 2255(f)(4). Id. at 184. The Fourth Circuit explained "[d]ecisions that change the legal significance of certain facts without modifying them do not qualify under (f)(4)." Id. The Fourth Circuit further noted that "[i]f changes in law are cognizable under (f)(4), then (f)(3) becomes superfluous because any claim brought under (f)(3) could also be brought under (f)(4)." Id. Based on the foregoing, the

---

[7] Even considering the underlying merits, the undersigned notes that Courts have consistently rejected *Bruen* challenges to the constitutionality of Section 922(g)(1). United States v. Bever, 669 F.Supp.3d 578, 583 (S.D.W.Va. April 18, 2023)(J. Faber)(stating that "[a]s of today's date, 'over 100 district courts have held that federal law prohibiting felons from possessing firearms remain valid even after *Bruen*."); *also see* United States v. Ray, 2023 WL 4378152, * 4 (S.D.W.Va. July 6, 2023)(J. Chambers)(rejecting defendant's as-applied and facially unconstitutional arguments based on *Bruen*).

undersigned finds that Section 2255(f)(4) is inapplicable. Accordingly, the undersigned finds that Movant's Rehaif and Bruen claims challenging his Section 922(g) conviction is untimely.

### D.  Actual Innocence:

Since Movant appears to be asserting an actual innocence claim, the undersigned construes Movant's Motion as relying upon McQuiggin. In McQuiggin, the United States Supreme Court held that in extraordinary circumstances, a movant that demonstrates actual innocence of his crime of conviction may proceed with a habeas petition that otherwise would have been statutorily time-barred under AEDPA. McQuiggin v. Perkins, 569 U.S. 383, 392, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). Although a claim of actual innocence may overcome Section 2255(f)'s statute of limitations, the Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare." Id., 569 U.S. at 386, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id.(quoting Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). To succeed in asserting a credible actual innocence claim, Movant "must offer reliable new evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial and in light of which it becomes 'more likely than not that no reasonable juror would have convicted him." Hill v. United States, 2019 WL 3425049, * 5 (S.D.W.Va. May 21, 2019), report and recommendation adopted, 2019 WL 2745852, appeal dismissed, 785 Fed.Appx. 151 (4th Cir. 2019).

In the instant case, Movant wholly fails to allege new evidence establishes his actual innocence. Movant merely argues that he now believes that his underlying conduct was

insufficient to establish his Section 924(c) conviction. The fact that Movant just now has "discovered" the foregoing as a theory to challenge his conviction in not new evidence. The foregoing information was known to Movant prior to his plea of guilty and sentencing. See Hill, 2019 WL 3425049, at * 6(finding that "the affidavit is certainly not new evidence as Hill admits that it was available at the time of the plea); Brown v. United States, 2018 WL 3241344, * 3 (D.Md. July 3, 2018)(finding that the affidavit that allegedly showed petitioner's actual innocence was not new evidence because it contained information that the petitioner knew at the time of his guilty plea); Goldman v. Keller, 2012 WL 2904577, * 3 (M.D.N.C. July 16, 2012)(finding no new evidence where the "facts underlying petitioner's defense were in existence and would have been known to petitioner at the time the pled guilty"); McKissick v. Warden Evans Correctional Institution, 2013 WL 4585613, * 9 - 10 (D.S.C. Aug. 28, 2013)(finding that affidavit concerning petitioner's whereabouts at the time of the offense were not newly discovered evidence because petitioner knew "all long" where he was at the time of the crime); Sawyer v. United States, 2011 WL 127144, * 5 (E.D.Va. Jan. 13, 2011)(recognizing that petitioner could not establish extraordinary circumstances where the "new evidence" or "facts" could have been easily discoverable through the use of public sources). The alleged facts or evidence now relied upon by Movant to challenge his conviction were facts in existence and available to Movant as defense prior to the entry of his guilty plea. Furthermore, Movant does not challenge the validity of his Plea Agreement and the Plea Agreement contained a "Stipulation of Facts" wherein Movant acknowledged that he knowingly used and carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Criminal Action No. 2:21-00038, Document No. 7.) Specifically, the "Stipulation of Facts"

stated, in pertinent part, as follows:

> On June 5, 2019, I was driving on Rt. 60 in Belle, Kanawha County, West Virginia. I was pulled over and removed from the car by law enforcement officers. Officers used a K-9 unit and the dog alerted to the presence of drugs in the car. During a search of my car, officers located a Ruger 9mm pistol, ammunition, and a small black safe. Officers also located $2,293 in U.S. currency, over 100 empty plastic baggies, and approximately 93 grams of methamphetamine which I possessed with intent to distribute. I knowingly carried the gun to protect both my drugs and the proceeds of my drug dealing.

(Id., p. 12.) Accordingly, the undersigned finds that Movant cannot meet threshold requirements of McQuiggin and Movant's Section 2255 Motion is untimely.

**2.     Equitable Tolling:**

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control

> made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Further, alleged mistakes by counsel generally does not serve as grounds of equitable tolling. Rouse, 339 F.3d at 249; also see Merritt v. Blaine, 326 F.3d 157, 169 (3rd Cir. 2003)("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling")(internal quotation marks omitted)); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)("Ineffective assistance of counsel generally does not warrant equitable tolling."); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)("[W]hile we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."). Federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable

tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 2:25-00204, Document No. 54) and Amended Section 2255 Motion (Civil Action No. 2:25-00204, Document No. 60 and Civil Action No. 2:25-00487, Document No. 17), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service)

from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: August 5, 2025.



Omar J. Aboulhosn
United States Magistrate Judge