```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**TEVIN WILLIAMS,**

    Movant,

v.                                              Civil Action No. 2:25-00204
                                                     Civil Action No. 2:25-00487
                                                     Criminal Action No. 2:20-00048
                                                     Criminal Action No. 2:21-00038

**UNITED STATES OF AMERICA,**

    Respondent.

### MEMORANDUM OPINION AND ORDER

Pending is movant's motion originally filed as "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)" (ECF No. 54) on February 14, 2025, and amended by him on April 7, 2025, into movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Amended Section 2255 Motion") (ECF No. 61) being filed respectively in the two civil actions above with respect to the two criminal actions above.

As movant has proceeded <u>pro se</u>, these actions were referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of Proposed Findings and Recommendations ("PF&R"). Judge Aboulhosn entered his PF&R (ECF

No. 62) on August 5, 2025, to which objections were due by August 22, 2025.  No objections have been filed.

In Criminal Action No. 2:20-00048, on April 6, 2021, the movant pled guilty to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2) as charged in the single-count Indictment.  ECF Nos. 42-44.  In Criminal Action No. 2:21-00038 on the same date of April 6, 2021, the movant pled guilty to one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) as charged in a single-count Information.  ECF Nos. 11, 15.

On July 19, 2021, the movant was sentenced in both cases by the same order for a total term of one hundred twenty months consisting of sixty months imposed in Criminal Case No. 2:20-00048 on count one of the Indictment, to run consecutively with sixty months mandatory minimum imposed in Criminal Case No. 2:21-00038 on the single-count Information to be followed by a five-year term of supervised released.  ECF No. 13.  The movant did not file a direct appeal.

As noted, on February 14, 2025, the movant filed a motion entitled "Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)."  ECF No. 54.  The magistrate judge, having examined movant's motion, concluded it should be construed as a Motion Under

2

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF No. 57.  The movant was given due notice that he had until April 28, 2025, to object to the re-characterization of his motion.  Id.  Thereafter, on April 7, 2025, the movant filed an Amended Section 2255 Motion and Memorandum in Support.  ECF Nos. 60, 61.

The movant alleges that he is entitled to relief on the following grounds: (1) actual innocence; (2) ineffective assistance of counsel; (3) "misconduct/vindictiveness"; (4) and the Supreme Court's rulings in Rehaif v. United States, 588 U.S. 225, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019) and New York State Rifle and Pistol Association, Inc. v. Bruen, 591 U.S. 1, 142 S. Ct. 2111, 213 L.Ed.3d 387 (2022).

The PF&R recommends that movant's Motion Under 28 U.S.C. § 2255 to vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Amended Section 2255 Motion be denied.  PF&R at 15.  First, the magistrate judge aptly determined that the movant failed to demonstrate that the motion was filed within the statutory one-year period under 28 U.S.C. § 2255.  Id. at 6.  Further, the magistrate judge appropriately concluded that neither Rehaif nor Bruen create a new rule of constitutional law that is retroactively applicable in the movant's case.  Id. at 8.  Next, the magistrate aptly observed that the movant failed to allege new

evidence to establish his actual innocence. Id. at 11. Finally, the magistrate judge rightly determined that there are no extraordinary circumstances justifying equitable tolling of the limitation period. Id. at 13.

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been addressed. See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court. See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989). Objections in this case having been due on August 22, 2025, and none having been filed, and the court finding no clear error, this matter may be duly adjudicated.

4

Accordingly, it is ORDERED that:

1. The findings and recommendations made in the magistrate judge's Proposed Findings and Recommendations (ECF No. 62) be, and hereby are, ADOPTED by the court and incorporated herein;

2. The movant's pro se motion treated as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 54) and movant's Amended Section 2255 Motion (ECF No. 61) be, and hereby are, DENIED; and

3. This action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: August 28, 2025

John T. Copenhaver, Jr.
Senior United States District Judge